LAW LIBRARY

NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

NO. 29748

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellant, v.
LARRY JAY RUSSO, Defendant-Appellee

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-08-09016)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Leonard, J., and Circuit
Court Judge Nishimura, assigned by reason of vacancy)

Plaintiff-Appellant the State of Hawai'i (**State**) appeals the Findings of Fact, Conclusions of Law and Order Granting Defendant's Motion to Suppress Evidence and Motion to Dismiss Case With Prejudice (**Suppression Order**), filed on April 22, 2009 in the Honolulu Division of the District Court of the First Circuit (**District Court**).[1]

On September 10, 2008, Defendant-Appellee Larry Russo (**Russo**) was charged by complaint with Operating a Vehicle Under the Influence of an Intoxicant (**OUVII**), in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(b)(4) (Supp. 2008).

Pursuant to the Suppression Order, evidence against Russo was suppressed. The District Court also granted Russo's motion to dismiss the charge against him. The District Court concluded that investigatory stop of Russo was not reasonable.

On appeal, the State contends that reasonable suspicion existed to justify the police officer's investigative stop of Russo's vehicle and, therefore, the District Court erred in entering the Suppression Order.

---

[1] The Honorable William Cardwell presided.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the State's point of error as follows:

The District Court did not err by granting Russo's motion to suppress because the police lacked specific and articulable facts which suggested criminal activity was afoot in order to justify an investigatory stop of Russo.

In State v. Eleneki, 106 Hawai'i 177, 102 P.3d 1075 (2004), the court stated:

> It is axiomatic that "stopping an automobile and detaining its occupants constitutes a 'seizure' within the meaning of the Fourth Amendment to the United States Constitution and Article I, Section 7 of the Hawai'i Constitution, even though the purpose of the stop is limited and the resulting detention quite brief." State v. Powell, 61 Haw. 316, 320, 603 P.2d 143, 147 (citations omitted). A warrantless seizure is presumed invalid "unless and until the prosecution proves that the . . . seizure falls within a well-recognized and narrowly defined exception to the warrant requirement." State v. Prendergast, 103 Hawai'i 451, 454, 83 P.3d 714, 717.

106 Hawai'i at 180, 102 P.3d at 1078. "In determining the reasonableness of wholly discretionary automobile stops, this court has repeatedly applied the standard set forth in Terry." Id. "The narrowly defined exception to the warrant requirement recognized by Prendergast is that a police officer may stop an automobile and detain its occupants if that officer has reasonable suspicion that the person stopped was engaged in criminal conduct." Id. (internal quotation marks omitted). "In that connection, the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. (internal quotation marks and citations omitted). "A seizure or stop based on reasonable suspicion, then, is tied to some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity, or

2

is wanted for past criminal conduct." Id. (internal quotation marks and citations omitted).

The State does not challenge any Findings of Fact in the Suppression Order, therefore, they are taken as true. The District Court found that Officer Tanaka first observed Russo slowly driving away in his pick-up truck from a parking lot. There was no reasonable suspicion that Russo was currently engaged in or about to be engaged in criminal activity because driving away slowly from a parking lot is not criminal activity. Thus, the State must satisfy the reasonable suspicion standard based upon the fact that Russo was wanted for past criminal conduct.

The District Court found that Officer Hung stopped Russo "solely on Officer Tanaka's instruction," and that Officer Hung advised Russo that "he was conducting an investigation into an argument call." Officer Tanaka did not witness the argument between Russo and the cashier. Even if Officer Tanaka did witness an argument, an argument is not criminal activity. There was no evidence that Russo engaged in any activity except an alleged argument, from which he had departed without further incident. The State's assertion that Officer Tanaka was acting upon reliable information from an eye-witness does not transform the reported argument into criminal activity. A stop based on non-criminal activity does not fit within the well-recognized and narrowly defined exception to the warrant requirement because it lacks reasonable and articulable suspicion. State v. Heapy, 113 Hawai'i 283, 293, 151 P.3d 764, 774 (2007). The State's further arguments on this point of error are also without merit.

Accordingly, we affirm the District Court's April 22, 2009 Suppression Order.

DATED:   Honolulu, Hawai'i, January 20, 2010.

On the briefs:

Delanie D. Prescott-Tate
Deputy Prosecuting Attorney
for Plaintiff-Appellant

Earle A. Partington
for Defendant-Appellee

Chief Judge

Associate Judge

Associate Judge